### DISTRIBUTION UNDER A VENDOR'S LIEN.

Circuit Court of Cuyahoga County.

### JOHN CECHVALA v. DAVID MADAK ET AL; AND DAVID MADAK v. JOHN CECHVALA.

Decided, June 17, 1912.

*Vendor's Lien—Exemptions.*

There is no exemption as against a vendor's lien, and when the premises upon which the lien is established have been sold and the money is in the hands of the clerk of the court, the lien will be transferred to the fund, to be paid before any exemptions can be allowed the judgment debtor.

*H. F. Payer,* for plaintiff in error.
*Hart, Canfield & Croke,* contra.

NIMAN, J.; MARVIN, J., and METCALFE, J. (sitting in place of Winch J.), concur.

The first of these actions is here on appeal; the other is a proceeding in error.

By the proceeding in error, the plaintiff in error seeks to reverse the judgment of the court of common pleas overruling his motion for the allowance of $500 exemptions in lieu of a homestead out of a certain fund in the hands of the clerk of courts, which the defendant in error seeks to have applied on a judgment rendered in his behalf in the action below against the plaintiff in error.

Inasmuch as the right of a judgment debtor to have exemptions allowed him in lieu of a homestead depends upon the existence of certain facts, those facts must be established by evidence of the proper kind, and when it is sought to review the

action of a court in passing upon a motion for an allowance of such exemptions, the evidence on which the trial court acted must be brought before the reviewing court. There is no bill of exceptions here, and we unable to pass upon the question raised in the error proceeding, and the petition in error will be dismissed.

In the appeal case, the following state of facts appears:

Prior to October 25, 1910, the plaintiff, John Cechvala and Burt Madak were the owners of a piece of real estate in the city of Cleveland and a saloon business conducted on said real estate. Each party owned an undivided one-half interest in the real estate and saloon business. On the day mentioned the defendant, David Madak, purchased the interest of the plaintiff in the real estate and saloon business for $700, according to the claim of the plaintiff, which was disputed by said defendant, who claimed to have bought the plaintiff's interest in the property for $20. The plaintiff was not paid at the time of the sale, and was given no note or security of any kind. A few months after this transaction took place, David Madak and Burt Madak sold the premises to the Hanover Realty Company for $3,000. The company, after paying various incumbrances out of the purchase price, had left in its possession a balance of $613.43 due the Madaks. Burt Madak assigned his interest in the money, which was a one-half interest, to David Madak.

The plaintiff, after the sale had been made to the Hanover Realty Company, began suit against David Madak to recover the sum of $700. The Hanover Realty Company was made a defendant in the action. The petition contained averments to the effect that said company had in its hand the balance of the purchase price due Burt and David Madak, and a part of the prayer asked that the company be ordered and directed to pay over to the plaintiff the net proceeds of the sale.

The plaintiff also obtained an attachment and the Hanover Realty Company was made garnishee. The company then filed an interpleader and was ordered to pay the clerk the money in its hands belonging to the defendant, David Madak.

David Madak then filed an answer and cross-petition in which he denied the claim of the plaintiff, and prayed that the money in the hands of the clerk be paid to him.

The jury returned a verdict for the plaintiff against the defendant, David Madak, for $721 on which judgment was duly entered.

The defendant then filed a motion for the allowance of $500 in lieu of a homestead out of the fund paid to the clerk by the Hanover Realty Company. It is this motion that is now before us. We are met with the contention on behalf of the plaintiff that this is not such a judgment or final order as may be appealed from.

The plaintiff claims the fund in the hands of the clerk as against the defendant's demand for exemptions on the theory that he had a vendor's lien on the premises sold to said defendant, and that the fund arising from the sale of real estate should be charged with this lien. There being conflicting claims to the fund in question, and one of those claims involving the application of equitable principles, we are of the opinion that the motion should be treated as one in effect asking for an order of distribution, and that either party concerned might appeal from the decision of the court on such motion.

This leaves for decision, then, on the facts before us in the form of an agreed statement of fact, and the evidence offered, the one question whether under a vendor's lien the plaintiff is entitled to an order for the payment to him to apply on his judgment, the entire fund, or any part thereof, except that in excess of $500 which he is admittedly entitled to recover in the hands of the clerk, representing the balance of the price of the premises sold by the Madaks to the Hanover Realty Company.

The defendant, David Madak, is entitled to $500 exemptions in lieu of a homestead out of this fund, provided he is not prevented from receiving it on account of the lien claimed by the plaintiff.

In *Neil* v. *Kinney,* 11 O. S., 58, it was held:

"A vendor's lien upon land sold for the purchase money, is an equitable right arising from a constructive trust, and is independent of the possession of the land to which the lien attaches as an incumbrance."

The plaintiff had a vendor's lien upon the real estate sold to David Madak for the unpaid purchase price. The real estate

has been sold and the balance of the money received from the sale, after paying incumbrances and other claims, is in the custody of the court and under· its control.    The lien. which the plaintiff had against David Madak's interest in the real estate may therefore be transferred to the fund.    Since the plaintiff, however, sold to David Madak only an undivided one-half interest in the real estate, his lien will attach to only one-half of the fund.    The other half was acquired by David Madak from his brother Burt Madak, by assignment.    As to this interest in the money in the hands of the clerk, the plaintiff can have no lien, and to the extent of such one-half interest the defendant is entitled to have his claim for exemptions allowed.    The other half will be ordered paid to the plaintiff.